TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0627
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>       Defendants. | No. 2:20-CR-326-JFW-1,2,4,5,6<br><br>STIPULATION REGARDING REQUEST FOR <ins>(1) VACATING TRIAL AND RELATED DATES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</ins><br><br>**CURRENT TRIAL DATE:** 06/22/2021<br><br>**PROPOSED STATUS CONFERENCE:**<br>             04/05/2021 at 8:00 a.m. |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, Melissa Mills, and defendants JOSE LUIS HUIZAR, RAYMOND SHE WAH CHAN, SHEN ZHEN NEW WORLD I, LLC, DAE YONG LEE, and 940 HILL, LLC (collectively, "defendants"), both individually and by

and through their respective counsel of record, hereby stipulate as follows:

1. The Indictment in this case was filed on July 30, 2020, charging only defendant HUIZAR.  Defendant HUIZAR first appeared before a judicial officer of the court in which the charges in this case were pending on June 23, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant HUIZAR commence on or before October 8, 2020.

2. On August 5, 2020, the Court set a trial date for defendant HUIZAR of September 29, 2020.  The Court continued the trial date for defendant HUIZAR from September 29, 2020 to June 22, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

3. The First Superseding Indictment in this case was made public on December 1, 2020.  Defendant CHAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 1, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendant CHAN commence on or before February 9, 2021.  Defendants LEE and 940 HILL, LLC first appeared before a judicial officer of the court in which the charges in this case were pending on December 7, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendants LEE and 940 HILL, LLC commence on or before February 15, 2021.  Defendant SHEN ZHEN NEW WORLD I, LLC first appeared before a judicial officer of the court in which the charges in this case were pending on December 14, 2020, and the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for

defendant SHEN ZHEN NEW WORLD I, LLC commence on or before February 22, 2021. Defendant WEI HUANG is currently a fugitive.

4. On December 14, 2020, the Court set a trial date of June 22, 2021 for defendants CHAN, LEE, 940 HILL, LLC, and SHEN ZHEN NEW WORLD I, LLC.

5. Defendants are released on bond pending trial. The parties estimate that the government's case-in-chief, including estimated cross examination, in this matter will last approximately 25-30 trial days. At this early stage, defense counsel cannot anticipate the duration of their respective defense cases. All defendants are joined for trial and a severance has not been granted.

6. By this stipulation, defendants move to vacate the trial date of June 22, 2021, and the related pre-trial motions deadlines and pre-trial hearing dates. The parties request a status conference hearing on April 5, 2021 at 8:00 a.m., to set dates for the trial, pre-trial motions deadlines, and pre-trial hearings. If the parties agree to a trial date and pre-trial deadlines in advance of the hearing, the parties will file a stipulation to request those dates.

7. Defendants request the status conference hearing and the continuance beyond June 22, 2021 based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant HUIZAR is charged with violations of 18 U.S.C. § 1962(d) (Racketeer Influenced and Corrupt Organizations Conspiracy); 18 U.S.C. §§ 1341, 1343, 1346 (Honest Services Mail and Wire Fraud); 18 U.S.C. § 1952(a)(3) (Interstate and Foreign Travel in Aid of Racketeering); 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funds); 18 U.S.C. § 1956(a)(1)(B)(i),

(a)(2)(B)(i) (Money Laundering); 18 U.S.C. § 1014 (False Statements to a Financial Institution); 18 U.S.C. § 1001(a)(2) (Making False Statements); 31 U.S.C. § 5324(a)(3) (Structuring of Currency Transactions to Evade Reporting Requirements); 26 U.S.C. § 7201 (Attempt to Evade and Defeat the Assessment and Payment of Income Tax).  Defendant CHAN is charged with violations of 18 U.S.C. §§ 1962(d) (Racketeering Conspiracy), 1343, 1346 (Honest Services Wire Fraud), 666 (Federal Program Bribery), and 1001 (False Statements).  Defendant SHEN ZHEN NEW WORLD I, LLC is charged with violations of 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud), 1952 (Travel Act violation), and 666 (Federal Program Bribery).  Defendants LEE and 940 HILL, LLC are charged with violations of 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud), 1519 (Obstruction of Justice), and 666 (Federal Program Bribery).

    b. By December 1, 2020 (to defendant HUIZAR) and January 12, 2021 (to defendants CHAN, SHEN ZHEN NEW WORLD I, LLC, LEE, and 940 HILL, LLC), the government produced discovery, including over 1.9 million pages of written reports, e-mails, third-party productions, and wire linesheets, over 93,000 files of intercepted wire sessions, including audio and data files.  In addition, the production included extraction reports for over a dozen digital devices, over 260 hours of audio recordings in addition to intercepted wire sessions, pen register data for over two dozen phones, GPS phone tracker data for multiple devices, and dozens of pleadings for wiretap applications, search warrants, cell site and GPS warrants, and pen registers.  The government currently anticipates producing additional discovery of reports and evidence and will continue to produce discovery that is generated during the pendency of this case.

c. The defendants seek to conduct at least a cursory review of the discovery before proposing a trial date and, therefore, are asking that the Court set a status conference rather than a motions and trial date. The government has no objection to the proposal. Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

d. Due to the limitations of investigating a case of this complexity during the national emergency caused by the COVID-19 pandemic, it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the Speedy Trial Act time limits.

e. Counsel for defendant HUIZAR, Carel Ale, is presently scheduled to be in the following trials: (1) United States v. Jose Angel Oquendo, CR-20-179-GW, 01/26/2021, trial estimate 3-4 days, in custody; (2) United States v. Micah Tillmon, CR-20-289-MWF, 02/09/2021, trial estimate 2-3 days, on bond; (3) United States v. Remy Navar, CR-20-374-RGK, 02/09/2021, trial estimate 2-3 days, on bond; (4) United States v. Andrew Madi, CR-18-846-PSG, 03/30/2021, trial estimate 4-5 days, on bond; (5) United States v. David DeMulle, CR-15-141-ODW, 03/30/2021, trial estimate 3-4 days, on bond; (6) United States v. William Acosta, CR-20-389-AB, 04/06/2021, trial estimate 2-3 days, on bond; (7) United States v. Ruben Loera Hernandez, CR-20-574-DSF, 04/13/2021, trial estimate 2-3 days, in custody; (8) United States v. Christine Luna, CR-19-366-AB, 04/20/2021, trial estimate 2-3 days, on bond; (9) United States v.

1  Jazzmon Russell, CR-17-533-RGK, 04/27/2021, trial estimate 2-3 days,
2  in custody; (10) United States v. Howard Spencer, CR-20-442-MWF,
3  05/04/2021, trial estimate 3-4 days, on bond; (11) United States v.
4  Kenneth Morris, CR-17-270-JAK, 08/10/2021, trial estimate 2-3 days,
5  on bond.  Counsel for defendant HUIZAR, Charles Snyder, is presently
6  scheduled to be in the following trials: (1) United States v. Paul
7  Torres, CR-19-490-CAS, 2/16/2021, trial estimate four days, in
8  custody; (2) United States v. Bryan Smith, CR-19-681-AB, 2/23/2021,
9  trial estimate three days, on bond; (3) United States v. William
10 Soto, CR-20-489-MCS, 2/23/2021, trial estimate four days, in custody;
11 (4) United States v. Ramon Lopez-Garcia, CR-19-244-DSF, 3/2/2021,
12 trial estimate four days, in custody; (5) United States v. Ricardo
13 Valencia, CR-19-311-MWF, 3/9/2021, trial estimate three days, on
14 bond; (6) United States v. John Ortiz, CR-19-748-RGK, 3/16/2021,
15 trial estimate three days, on bond; (7) United States v. Jose Medina-
16 Zepeda, CR-20-57-FMO, 3/16/2021, trial estimate one day, in custody;
17 (8) United States v. Jonathan Zuniga, CR-19-635-FMO, 3/23/2021, trial
18 estimate four days, on bond; (9) United States v. Ammarie Nicasio,
19 CR-19-187-FMO, 3/23/2021, trial estimate four days, on bond; (10)
20 United States v. John Mayberry, CR-20-478-GW, 4/20/2021, trial
21 estimate four days, in custody; (11) United States v. Abel Garcia,
22 CR-20-225-DSF, 5/18/2021, trial estimate four days, on bond; (12)
23 United States v. Efren Sanchez, CR-20-7-RGK, 6/1/2021, trial estimate
24 20 days, on bond.  Accordingly, counsel represent that they will not
25 have the time that they believe is necessary to prepare to try this
26 case on the current trial date.
27         f.   Counsel for defendant CHAN is presently scheduled to
28 be in the following trials: (1) United States v. Justin Cozart, CR-

20-40-DOC, 11/2/21, on bond. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

       g. Counsel for defendant SHEN ZHEN NEW WORLD I, LLC is presently scheduled to be in the following trial: United States v. Charley Loh and Simon Chu, CR-19-193-DSF, 06/15/2021, on bond. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

       h. Counsel for defendants LEE and 940 HILL, LLC is presently scheduled to be in the following trials: (1) United States v. Weaver, et al., CR 19-527-ODW, 2/15/22, trial estimate 3 weeks; (2) United States v. Michael Lacey, et al., District of Arizona, CR-18-422-PHX-SMB, 4/13/21 but motion to continue to 9/20/21 currently pending, trial estimate 3 months; (3) John Bedrosian, et al. v. Mohamed Hadid, et al., Los Angeles Superior Court, Case No. SC129388, 2/23/21, trial estimate 4 weeks. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

       i. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court subsequently continued that suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public

Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

j.      On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP") for the Central District of California, closing all Central District of California courthouses to the public except for hearings on criminal duty matters.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020), In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Mar. 19, 2020).

k.      On May 28, 2020, the Court entered General Order 20-08, which extended the activation of the COOP Plan to at least June 22, 2020.  C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020).  This extension order also set forth a plan for reopening, which is to occur in three phases.  Phase 1 began on June 1, 2020 with the return of certain staff to the courthouses to prepare for limited in-court hearings.  Phase 2 began no earlier than June 22, 2020, with the reopening courthouses for limited in-court hearings.  The final phase -- Phase 3 -- contemplates the resumption of jury trials, but a date for commencement of this phase has not been determined.

l.      On August 6, 2020, the Court entered General Order 20-09, which supersedes General Order 20-08.  C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court. (Aug. 6, 2020).  The Order recognizes (1) that "the number of people infected by [COVID-19], continues to grow, with thousands of confirmed cases and deaths in the Central District of California; and (2) the Centers for Disease Control and

Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including implementing physical distancing and reducing the size of in-person gatherings." Id. at 1.  The Order further states that it was issued "[u]pon a majority vote, in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel." Among other things, the Order adopts "gating criteria" that will be used to inform when the Court transitions to Phase 3.  Id. at 1-2. With certain exceptions, the courthouses will be closed to the public, and, until further notice, no jury trials will be conducted in criminal cases.  Id. at 2-3.  In connection with the continued suspension of criminal jury trials, the Court made the following findings:

> The Center for Disease Control and Prevention has warned that "in the coming months, most of the U.S. population will be exposed to this virus."  The COVID-19 rates of infection, hospitalizations and deaths have significantly increased in the Central District of California in the last thirty days such that holding jury trials substantially increases the chances of transmitting the Coronavirus.  The Court concludes that conducting jury trials would also likely place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk.

Id.  Regarding the Speedy Trial Act, the Court found that "suspending criminal jury trials in the Central District of California because of the increase in reported COVID-19 infections, hospitalizations, and deaths <u>serves the ends of justice and outweigh[s] the interests of the public and the defendants in a speedy trial</u>."  Id. (emphasis added).  To date, no jury summons for trials are outstanding, and it is unclear when such summons will be issued, when jury trials will

9

resume, and what the Court's capacity will be for conducting them once they do resume.

   m. On December 7, 2020, the Chief Judge entered Order of the Chief Judge No. 20-179, noting that "since the Court implemented [certain] emergency procedures, there recently has been an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District." C.D. Cal. Order of the Chief Judge No. 20-179, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan at 1 (Dec. 7, 2020). The Order further notes that California's "regional stay-at-home order went into effect in the Southern California region, which includes the entire Central District, on December 6, 2020 because ICU availability in the region has fallen below 15%." Id. at 2. The Order further states that the COOP Plan for the Central District of California is effective from December 9, 2020 through and including January 8, 2021, during which time jury trials remain suspended. Id. at 3.

   n. On December 17, 2020, the Chief Judge extended all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days. C.D. Cal. Order of the Chief Judge No. 20-186, In Re: Coronavirus Public Emergency (Dec. 17, 2020).

   o. On January 6, 2021, the Chief Judge extended the COOP Plan through and including January 29, 2021, during which time jury trials remain suspended. C.D. Cal. Order of the Chief Judge No. 21-002, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Jan. 6, 2021). The order noted that "COVID-19 cases, hospitalizations, and test positivity rates in the Central District have continued to increase," that "ICU availability in the

Southern California ... is currently at 0.0%" and that "the State's regional stay-at-home order remains in effect in the Southern California region." Id. at 1.

p. In addition to the Court's orders, both California Governor Gavin Newsom and Los Angeles Mayor Eric Garcetti have issued emergency orders requiring residents to stay home, subject to limited exceptions.

q. Official public health guidance continues to evolve on a near daily basis.

r. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

s. Defendants believes that failure to grant the continuance will deny each of them continuity of counsel and adequate representation.

t. The government does not object to the continuance.

u. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

8. For purposes of computing the date under the Speedy Trial Act by which each defendant's trial must commence, the parties agree that the following time periods should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, and the limitations the ongoing COVID-19 pandemic places on the defense's ability to investigate the case and prepare for trial, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    a. Defendant CHAN: December 1, 2020 to June 22, 2021, inclusive;

    b. Defendant SHEN ZHEN NEW WORLD I, LLC: December 14, 2020 to June 22, 2021, inclusive;

    c. Defendant DAE YONG LEE: December 7, 2020 to June 22, 2021, inclusive;

    d. Defendant 940 HILL LLC: December 7, 2020 to June 22, 2021, inclusive.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 22, 2021                    Respectfully submitted,

                                           TRACY L. WILKISON
                                           Acting United States Attorney

                                           BRANDON D. FOX
                                           Assistant United States Attorney
                                           Chief, Criminal Division

                                           /s/ Mack E. Jenkins
                                           _____
                                           MACK E. JENKINS
                                           VERONICA DRAGALIN
                                           MELISSA MILLS
                                           Assistant United States Attorneys

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

| | |
|---|---|
| 1 | I am JOSE LUIS HUIZAR's attorney. I have carefully discussed |
| 2 | every part of this stipulation and the continuance of the trial date |
| 3 | with my client. I have fully informed my client of his Speedy Trial |
| 4 | rights. To my knowledge, my client understands those rights and |
| 5 | agrees to waive them. I believe that my client's decision to give up |
| 6 | the right to be brought to trial earlier than June 22, 2021 is an |
| 7 | informed and voluntary one. |

/s/ CAREL ALE                                       1/24/2021
CAREL ALE                                           Date
CHARLES SNYDER
Deputy Federal Public Defenders
Attorneys for Defendant
JOSE LUIS HUIZAR

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to vacate the current trial date, and give up my right to be brought to trial earlier than June 22, 2021.

/s/ Jose Luis Huizar                                1/24/21
JOSE LUIS HUIZAR                                    Date
Defendant

14

I am RAYMOND CHAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 22, 2021 is an informed and voluntary one.

/s/ via e-mail authorization      01/26/2021

HARLAND W. BRAUN      Date
Attorney for Defendant
RAYMON DHAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to vacate the current trial date, and give up my right to be brought to trial earlier than June 22, 2021.

*[signed]*      1/26/2021

RAYMOND SHE WAH CHAN      Date
Defendant

I am SHEN ZHEN NEW WORLD I, LLC's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of its Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 22, 2021 is an informed and voluntary one.

_/s/ Richard M. Steingard_  1/22/2021
RICHARD M. STEINGARD           Date
Attorney for Defendant
SHEN ZHEN NEW WORLD I, LLC

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to vacate the current trial date, and give up my right to be brought to trial earlier than June 22, 2021.

_/s/ Richard M. Steingard_  1/22/2021
                                Date
On behalf of
SHEN ZHEN NEW WORLD I, LLC
Defendant

1  I am DAE YONG LEE's and 940 HILL, LLC's attorney.  I have
2  carefully discussed every part of this stipulation and the
3  continuance of the trial date with my clients.  I have fully informed
4  my clients of their Speedy Trial rights.  To my knowledge, my clients
5  understands those rights and agree to waive them.  I believe that my
6  clients' decision to give up the right to be brought to trial earlier
7  than June 22, 2021 is an informed and voluntary one.

8  
9  _____          1/25/2021
   ARIEL A. NEUMAN                         Date
   Attorney for Defendants
10 DAE YONG LEE and 940 HILL, LLC

11

12  I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to vacate the current trial date, and give up my
15 right to be brought to trial earlier than June 22, 2021.

16
17 _____          1-25-21
   DAE YONG LEE, in his individual         Date
   capacity as a defendant and as
18 representative for defendant 940
   HILL, LLC
19

20              **CERTIFICATION OF INTERPRETER**

21       I, __Will Hong_____, am fluent in the written and
22 spoken English and Korean languages.  I accurately translated this
23 entire agreement from English into Korean to defendant DAE YONG LEE
24 on this date.

25
                                            January 25, 2021
26 _____          Date
   INTERPRETER
27

28
                                17