1  Richard M. Steingard (SBN 106374)
2  *rsteingard@SteingardLaw.com*
   LAW OFFICES OF RICHARD M. STEINGARD
3  800 Wilshire Boulevard, Suite 1050
4  Los Angeles, California 90017
   Telephone:  (213) 260-9449
5  Facsimile:   (213) 260-9450
6
   Attorney for Defendant
7  Shen Zhen New World I, LLC
8
9             IN THE UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION

12  UNITED STATES OF AMERICA,        CR-20-326(A)-JFW
13              Plaintiff,           **DEFENDANT SHEN ZHEN NEW**
                                     **WORLD I, LLC'S RESPONSE TO**
14       v.                          **GOVERNMENT'S STATUS**
                                     **REPORT; DECLARATION OF**
15  JOSE LUIS HUIZAR, ET AL,         **RICHARD M. STEINGARD**
16              Defendants.

17        Defendant Shen Zhen New World I, LLC ("SZNW"), by and through its
18  attorney of record, Richard M. Steingard, hereby submits this response to the
19  Government's Status Report Regarding Proposed Schedule for Three Trials and
20  Pretrial Deadlines (ECF 403.)
21  DATED:  March 17, 2022        Respectfully submitted,
22
                                  Law Offices of Richard M. Steingard
23
24
25                                    */s/*
26                                _____
                                  Richard M. Steingard
27                                Attorney for Defendant
                                  SHEN ZHEN NEW WORLD I, LLC
28

LAW
OFFICES OF
RICHARD M.
STEINGARD

                                    1

## INDEX OF EXHIBITS

| Exhibit | Descriptions | Page(s) on Declaration |
|---------|--------------|------------------------|
| 1 | March 8, 2022 Email from V. Dragalin to R. Steingard with Proposed Trial Schedule Attachment | 3:18 |
| 2 | March 11, 2022 Email from R. Steingard to V. Dragalin, M. Jenkins, M. Mills & C. Palmer with Proposed Trial Schedule Attachment | 3:25 |
| 3 | March 14, 2022 Email from V. Dragalin to R. Steingard, C. Ale, C. Snyder, A. Olin, H. Braun, A. Neuman & R. Seilie with Government Proposed Schedule Attachment | 4:3 |
| 4 | March 14, 2022 Email String from R. Steingard, A. Neuman & C. Ale to V. Dragalin, M. Jenkins, M. Mills & C. Palmer | 4:9 |

LAW
OFFICES OF
RICHARD M.
STEINGARD

1
2

### SZNW'S RESPONSE TO GOVERNMENT'S
### PROPOSED TRIAL SCHEDULE

3

### I.

4

### INTRODUCTION

5
6
7
8
9

Dating back to at least March 2021, the parties have collaborated on dates for pretrial motions, pleadings, and disclosures.  With input from the Court, the parties were able to agree to a schedule for the disclosure of witness and exhibit lists, the filing of motions in limine, and a myriad of other pretrial and trial matters. That collaboration ended with the government's most recent filing.

10
11
12
13
14
15

Essentially, in its Status Report, the government disregards its prior representations about the complexity of the case, withdraws its one-week-old, proposed pretrial schedule to SZNW, and proffers a completely different timetable that omits several previously agreed upon tasks and drastically changes the others. The government also asks that the Court postpone SZNW's trial until after the Huizar/Chan trial.

16

In its current iteration, as to SZNW, the government proposes the following:

17
18

- *Over the next three months*, there would be *no government disclosures or party filings*;

19
20
21

- *During the 940 Hill/Lee trial*, the government would disclose *Brady/Giglio* materials, and the parties would jointly file in limine motions;

22
23

- *Two and one-half weeks later* (and just three weeks before SZNW's trial begins), the Court would hold a hearing on the in limine motions;

24
25
26

- *Three days after the hearing on the motions in limine*, the government would disclose its exhibit list, apparently containing approximately 400 exhibits;

27
28

- *Three days after producing the exhibit list*, the parties would meet and confer about the trial exhibits and file a stipulation three days later;

- *In the final two weeks before trial*, the government would produce a witness list, and the parties would thereafter make all other disclosures and filings.

As is apparent, the government's position is facially impractical and a radical departure from the prior stipulated agreements and court orders.

SZNW submits this response to the government's Status Report and proposes a reasonable pretrial schedule that is in accordance with the prior scheduling orders. It also affords the government more than sufficient time to prepare for the 940 Hill/Lee trial—a one-week trial set to begin three months from now. It also addresses the government's request to postpone SZNW's trial until after the Huizar/Chan trial. Lastly, in a supporting declaration, SZNW addresses several gratuitous comments and misrepresentations in the government's submission which appear to have been added solely to cast aspersions on SZNW, its owner Wei Huang, and defense counsel.

## II.

## ARGUMENT

A. Pretrial Schedule

The government's Status Report and proposed schedule requires some historical context. On November 12, 2020, after a five-year investigation, the grand jury returned the First Superseding Indictment ("FSI"). In May 2021, with input from the Court, the parties stipulated to a comprehensive schedule of pretrial disclosure dates, motion work, pleadings, hearings, and trial. (ECF 186.) The schedule took into account the complexity of the case, the massive production of discovery, and various other factors. (*Id.*) The agreed-upon schedule included the government's disclosure of witness and exhibit lists on February 15, 2022— approximately three months before trial. (*Id.*) The Court issued an order adopting the listed dates. (ECF 187.)

In August 2021, defendants 940 Hill, Lee, and SZNW moved for severances. (ECF 200, 201.)  On January 7, 2022, the Court addressed the defendants' severance motions and ordered the government to file an offer of proof showing that the honest services fraud counts were a single scheme.  (RT 1/7/22 at 82-107.) The Court advised that in the absence of proof of a single scheme, the circumstances of the case appeared to warrant granting the severance motions.  (*Id;* ECF 330.)

At a hearing on January 31, 2022, the Court addressed the dates for trial should it grant the severance motions.  The Court advised that if defendants 940 Hill, Lee, and SZNW declined to postpone their trials until October, the 940 Hill trial would go first in May, with the SZNW trial following in June.  (RT 1/31/2022 at 122-3, 130.)[1]  The government did not comment on the Court's statements, much less ask that SZNW's trial occur after the Huizar/Chan trial.  The government estimated that the 940 Hill/Lee trial would take approximately two weeks, unless the Court excluded the "other scheme" evidence, in which case the government stated that the trial should take "less than a week" or "within a week." (RT 1/31/2022 at 116-7.)  In contrast, the government advised that the SZNW would be "an extensive trial" that would last "probably three to four weeks given the amount of evidence related to [SZNW] and its CEO."  (*Id.* at 124.)

The Court also discussed several upcoming dates on the Court's previously issued scheduling order.  As to the government's disclosure of witness and exhibit lists, which were due in two weeks on February 15, the government advised that it was "on schedule" and that "we are continuing to operate as if that date remains." (*Id.* at 121-2.)  However, because of the uncertainty created by the pending severance motions, the Court stated that the government need not produce those

---

[1]     Subsequently, SZNW, 940 Hill and Lee advised that they sought the May 24, 2022 trial date.  (ECF 361, 364.)  The defendants acknowledged that the trial dates were potentially subject to delay due to the Court's calendar.  (*Id.*)

LAW OFFICES OF RICHARD M. STEINGARD

materials on the set date, but added, "I would urge you to continue to work on those because, if I do sever and Mr. Neuman's client goes first, I would expect within a week that you would be able to produce the witness list and the exhibit list to Mr. Neuman." (*Id*. at 126.)  The government agreed, stating, "Yes, Your Honor. That all makes sense.  We are sort of working on those parallel tracks and can accomplish that in short order depending on how the Court rules. (*Id*.)

Five weeks later, on March 7, 2022, the Court granted severances to defendants 940 Hill, Lee and SZNW.  (ECF 390.)  The Court set trial for defendants 940 Hill and Lee for June 14, 2022.  As to SZNW, the Court proposed July 26. The government asked for an additional week, to which SZNW's counsel acquiesced.  The Court then ordered trial for August 2, 2022.  The trial for Huizar/Chan remained on October 18, 2022.  The Court ordered that the parties "file stipulations and proposed orders in accordance with the dates discussed at the hearing." (*Id*.)  Again, the government never objected to the Court's order of trials or suggest that SZNW's trial should occur after the Huizar/Chan trial.

That same day, counsel for the government and SZNW arranged a call for the following morning.  (Declaration of Richard M. Steingard ("Steingard Decl.") at ¶ 2.)  During that call, the parties addressed a variety of matters, including the government's inquiry whether SZNW would agree to be tried *after* Huizar and Chan. (*Id*.)   Counsel agreed to consider the matter and arranged a follow-up call on March 16, 2022. (*Id*.)

Later that day, the government emailed a proposed schedule of dates to counsel. (*Id*. at ¶ 3.)  The government's proposed schedule did not have any events or deadlines for the entire months of March, April, and May.  Rather, the government proposed disclosing its witness and exhibit lists on June 7, exchanging draft motions in limine on June 20 (when the 940 Hill trial was occurring or possibly concluding), and setting all other dates in mid-July or later.

On March 11, 2022, counsel for SZNW responded to the government, advising that it would maintain its August 2, 2022 trial date.  (*Id*. at ¶ 4.)  SZNW's counsel noted certain problems with the government's proposed schedule and attached a revised schedule which essentially divided the pretrial proceedings into three periods.  (*Id*.)  The first period included the government's production of witness and exhibit lists (March 28, 2022), and the exchange and filing of in limine motions (April 18-May 13, 2022); the second period, May 14 to June 28, did not impose any obligations on the government to afford it time to prepare for, attend to, and decompress from the 940 Hill/Lee trial; the third period, June 29 to August 2, provided dates for the remaining pretrial tasks.  (*Id*.)  SZNW's proposed dates in the third period were the same as or close to the government's proposed dates.  (*Id*.)  Counsel explained that SZNW's proposed schedule was based on the Court's statements at the January 31 hearing and the fact that the government's trial estimate for the 940 Hill/Lee case was "less than one week."  (*Id*.)  Counsel stated that the parties could discuss the schedule of dates during their March 16 call.  (*Id*.)

Before that call occurred, on March 14, 2022, the government emailed all defense counsel to advise that it intended on filing a wholly revised schedule for all three trials which drastically changed, or completely omitted, the different procedural events.  (*Id*. at ¶ 5.)  According to the government's Status Report, the impetus for the government's revised schedule was "after it became clear that SZNW requested dates that would overlap with the June 14, 2022 trial."  (ECF 403 at 7:6-7.)[2]  But that never occurred—*SZNW's schedule did not have any dates that conflicted with the 940 Hill/Lee trial*.  In fact, SZNW intentionally avoided proposing any dates that overlapped with the 940 Hill/Lee, ending all of the government's obligations one month before that trial began and, using the

---

[2]     All page citations are to the pleading's internal pagination, and not that generated by the ECF system.

LAW
OFFICES OF
RICHARD M.
STEINGARD

government's one-week trial estimate, resuming approximately ten days after its anticipated conclusion.

As to SZNW, the government's proposed schedule does not include any dates in March, April, or May, and only two events in June: a June 17th disclosure of *Brady/Giglio* and a June 20th filing of motions in limine—*both of which would occur during the 940 Hill/Lee trial.*[3]  (ECF 403-1.)  The next proposed event on the government's schedule is on July 8, 2022, a hearing on the in limine motions, *even though the government's disclosure of its witness and exhibit lists would not yet have occurred.*  (*Id.*)  When defense counsel protested the government's new, surprising, and unilateral positions, the parties agreed to a conference call on March 15.  (Steingard Decl. at ¶ 6.)  But that call proved to be completely perfunctory as the government was unwilling to discuss any modifications to its current proposal.  (*Id.* at  ¶ 7.)

Respectfully, SZNW asks that the Court adopt its proposed schedule.  There, the government would produce its witness and exhibit lists on or before March 28. This is imminently reasonable:  one month ago, the government advised that it was "on schedule" to complete its exhibit list *for all defendants* by February 15.  Surely six weeks later, the government can produce a subset of that list for SZNW. Similarly, the parties can begin the process of exchanging motions in limine, with a target filing date of May 13.

An early disclosure of witnesses and exhibits, and the prompt filing of motions in limine, are significant and warranted.  The government has advised that its case against SZNW is "extensive," spans approximately 400 exhibits, and, as

---

[3]      According to the government's Status Report, "the government estimates that the Lee/940 Hill trial will conclude no later than around July 1, 2022."  (ECF 403 at 10:24-25.)  While this statement is literally true—a one-week trial beginning June 14 would conclude "no later than around July 1"—it implies that the trial will take much longer than the government previously stated.

counsel recently learned, may include the government's attempt to introduce "other scheme" evidence that is unrelated to SZNW. (Steingard Decl. at ¶ 8.) These types of matters should not be delayed until three weeks before trial.

Nor is there a reason to postpone to. There are now four experienced trial prosecutors on the government's team, not to mention innumerable agents and staff members. They investigated this case for five years and have been preparing for a May 2022 trial for almost one year. They have known the trial schedule and likely starting dates—pushed further back to June and August—for a considerable period of time. Their initial task, of course, is preparing for the 940 Hill/Lee trial, which does not commence for *three months* and will take *less than a week* to try. Under these circumstances, the government's proposal to put the SZNW case "on ice" for the next three months, and then try to cram everything into the final weeks before trial, is unreasonable.

B. <u>Trial Date</u>

In the alternative, the government asks that the Court postpone SZNW's trial until after the Huizar/Chan trial. Although styled as part of the Status Report, the government's request constitutes a motion for reconsideration, asking that the Court re-examine the previously set trial dates. However, as the government argued in a recent filing, Ninth Circuit case law and the Central District's Local Rules preclude such motions except under limited circumstances, such as the moving party establishing new material facts that were not known when the prior order was entered. (ECF 371 at 2-3.) That clearly is not the instant case. On January 31, 2022, the government knew the Court's intended trial order and schedule and said nothing; and on March 7, 2022, the government again acceded to the Court's trial order and participated in the setting of dates. The government presents no new grounds for the Court to reconsider its decision.

Moreover, the government fails to provide a plausible reason to change the trial order. Rather, the government claims that if SZNW is tried second, Wei

Huang, SZNW's owner, "is getting a full preview of the government's case against him" and "hopes to get two bites at the apple in defending his actions—once on behalf of the company SZNW, and a second time in his individual capacity when he is apprehended…." (ECF 403 at 13:2-7.)  This argument does not justify a changed schedule and, in any event, is logically flawed.  If SZNW was tried third, Mr. Huang would then get *three* bites at the apple: a first bite during the Huizar/Chan trial, a second bite during the SZNW trial, and a third at his own trial.  As such, the government's purported basis for delaying SZNW's trial until after the Huizar/Chan trial is simply fallacious.

The government then turns to Speedy Trial Act considerations and argues that because SZNW "remains joined for trial with Huang," the Speedy Trial clock has not begun.  (*Id*. at 13-14: 15-16, 1-6.)  Even accepting the government's representations about the Speedy Trial Act are correct,[4] the premise of the government's argument is also flawed.  The Court granted SZNW's severance motion; for obvious reasons, Mr. Huang was not a party to that motion, nor did the Court sever Mr. Huang from the Huizar/Chan case. Thus, SZNW is not currently "joined for trial with Huang," but will be tried by itself.

At the end of its submission, the government advances a series of baseless arguments.  *E.g.,* "Trying SZNW second instead prejudices the government's case against the most culpable defendants [meaning Huizar and Chan]…" (*Id*. at 15:24-28); "Allowing the RICO trial to proceed before the SZNW trial could conceivably lead to pre-trial dispositions for Huang and SZNW…" (*Id*. at 16:3-6)  None of these claims hold water: the government is not legally "prejudiced" by one trial preceding before another; and the government can just as easily engage in

_____

[4]     Because of commitments in this case and others, and in order to quickly bring this matter to the Court's attention, counsel for SZNW has not had time to research the Speedy Trial Act issues raised in the government's Status Report.  If the Court is considering moving SZNW's trial until after the Huizar/Chan case, SZNW asks for additional time to research and brief the Speedy Trial implications.

settlement discussions with SZNW/Huang before the Huizar/Chan trial as it can after.

In sum, the Court previously set the trial schedule – both the order of trials and the dates for each trial – with the government's input and acquiescence. There are no grounds to change the date.

Set forth below is a chart showing, from left to right, SZNW's proposed schedule, the government's March 8, 2022 proposed schedule, and the government's current proposed schedule. SZNW respectfully asks that the Court adopt its schedule, subject to any modifications the Court believes are necessary and appropriate.

| | SZNW's Proposal | Govt's 3/8/22 Proposal | Govt Current Proposal |
|---|---|---|---|
| Govt Witness List | 3/28/2022 | 6/7/2022 | 7/19/2022 |
| Def Response to Witness List | -- | -- | 7/21/2022 |
| Govt Exhibit List | 3/28/2022 | 6/7/2022 | 7/11/2022 |
| Joint MILs - Motions | 4/18/2022 | 6/20/2022 | -- |
| Conference re Exhibit List | 5/2/2022 | 7/8/2022 | 7/15/2022 |
| Joint MILs - Opps | 5/9/2022 | 7/11/2022 | -- |
| Joint MILs (filing) | 5/13/2022 | 7/13/2022 | 6/20/2022 |
| Joint Pre-Trial Exhibit Stipulation | 7/15/2022 | 7/15/2022 | 7/18/2022 |
| *Brady/Giglio* deadline | 5/16/2022 | 7/12/2022 | 6/17/2022 |

| | | | |
|---|---|---|---|
| (remaining witnesses) | | | |
| Jencks deadline (remaining witnesses) | 5/16/2022 | 7/12/2022 | -- |
| Final Transcripts & Translations | 6/29/2022 | 7/12/2022 | 7/18/2022 |
| Govt Charts & Summaries | 6/29/2022 | 7/12/2022 | -- |
| Expert Offer of Proof | -- | -- | 7/19/2022 |
| **Hearing re: MILs** | **7/15/2022** | **7/22/2022** | **7/8/2022** |
| **Pretrial Conference (JH)** | **7/15/2022** | **7/22/2022** | **7/27/2022** |
| Proposed Voir Dire | **--** | **--** | 7/22/2022 |
| Govt Trial Brief | **--** | **--** | 7/25/2022 |
| Jury Verdict Form | **--** | **--** | 7/25/2022 |
| Jury Instructions | **--** | **--** | 7/25/2022 |
| Defense (SZNW) Jencks statements | 7/25/2022 | 7/25/2022 | -- |
| Defense (SZNW) Charts & Summaries | 7/25/2022 | 7/25/2022 | -- |
| Defense (SZNW) Witness List | 7/25/2022 | 7/25/2022 | 8/1/2022 |

| Defense (SZNW) Exhibit List | 7/25/2022 | 7/25/2022 | -- |
|---|---|---|---|
| Joint Statement of Case | -- | -- | 7/28/22 |
| **SZNW TRIAL** | **8/2/2022** | **8/2/2022** | **8/2/2022** |
| Def Exhibit Stipulation | **--** | **--** | (start of Def case) |

DATED:  March 17, 2022          Respectfully submitted,

Law Offices of Richard M. Steingard

                                                    /s/

                                        Richard M. Steingard
                                        Attorney for Defendant
                                        SHEN ZHEN NEW WORLD I, LLC

LAW
OFFICES OF
RICHARD M.
STEINGARD

13