## United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | Docket No. | CR 20-326(A)-JFW |
| **Defendant** 6. 940 Hill, LLC | | Federal Tax ID: 26-2843761 (Last 4 digits) | |
| akas: California Corporate Number: 200816610175 | | | |

| | MONTH DAY YEAR |
|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on | July 21, 2023 |

**COUNSEL** Ariel Neuman and Ray S. Seilie, Retained

**PLEA** ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☒ NOT GUILTY

**FINDING** There being a **jury verdict of GUILTY,** defendant has been convicted as charged of the offense(s) of:
Honest Services Mail and Wire Fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346, 2(b) [Count 5]; Bribery Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(2) [Count 25]; Alteration of Records in Federal Investigations 18 in violation of 18 U.S.C. § 1519 [Count 38] as charged in the 41 Count Superseding Indictment filed on November 12, 2020

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, 940 Hill, LLC, is hereby placed on probation on Counts 5, 25, and 38 of the First Superseding Indictment for a term of five years. This term consists of five years on each of Counts 5, 25, and 38, all such terms to run concurrently under the following terms and conditions:

1. During the period of probation, 940 Hill, LLC shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment.

2. 940 Hill, LLC shall not commit another federal, state, or local crime.

3. 940 Hill, LLC shall provide the Probation Officer access to any requested financial information.

4. Within 30 days from the date of this judgment, 940 Hill, LLC shall designate an official of the organization to act as the organization's representative and to be the primary contact with the Probation Officer.

5. 940 Hill, LLC shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

6. 940 Hill, LLC shall notify the Probation Officer ten days prior to any change in the principal business or mailing address or within 72 hours if advance notice is not possible.

7. 940 Hill, LLC shall permit a Probation Officer to visit the organization at any of its operating business sites.

| USA vs. | 6. 940 Hill, LLC | Docket No.: | CR 20-326(A)-JFW |
|---|---|---|---|

8. 940 Hill, LLC shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

9. 940 Hill, LLC shall be required to notify the Court or Probation Officer immediately upon learning of (1) any material adverse change in its business or financial condition or prospects, or (2) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

10. 940 Hill, LLC shall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

11. If 940 Hill, LLC changes its name, or merges with another company through a stock or assets purchase, the renamed, newly-created, or merged company shall be obliged to meet all of the obligations of 940 Hill, LLC in accordance with this judgment's orders pertaining to payment of the fine and special assessment.

12. 940 Hill, LLC shall develop and submit to the Court an effective compliance and ethics program consistent with the requirements set forth in USSG §8B2.1, including a schedule for the implementation of the compliance and ethics program on or before September 1, 2023.

13. Upon approval by the Court of the compliance and ethics program, 940 Hill, LLC shall notify its employees and shareholders of its criminal behavior and of the program.

14. 940 Hill, LLC shall make periodic submission to the Probation Officer, at intervals specified by the Court, (A) reporting on the organization's financial condition and results of business operations, and accounting for the disposition of all funds received, and (B) reporting on the organization's progress in implementing the compliance and ethics program. Reports shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against the organization, or any investigation or formal inquiry by governmental authorities of which 940 Hill, LLC learned since its last report.

15. 940 Hill, LLC shall submit to: (A) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the Probation Officer or experts engaged by the Court; and (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the Court shall be paid by the organization.

It is ordered that 940 Hill, LLC shall pay to the United States a special assessment of $1,200, which is due immediately.

It is ordered that 940 Hill, LLC shall pay to the United States a total fine of $1,078,125. The fine shall be paid in full no later than six months after the date of this judgment.

\\
\\
\\
\\
\\
\\

| USA vs. | 6. 940 Hill, LLC | Docket No.: | CR 20-326(A)-JFW |
|---|---|---|---|

It is ordered that 940 Hill, LLC shall pay to the United States the costs of prosecution in the amount of $6,775.56 which is due immediately.

Defendant informed of right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

July 21, 2023
Date

_/s/ John F. Walter_
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

July 21, 2023
Filed Date

By _/s/ Shannon Reilly_
Deputy Clerk

| USA vs. 6. 940 Hill, LLC | Docket No.: CR 20-326(A)-JFW |
|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

X  The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date           Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      _____
     Defendant                              Date

_____      _____
U. S. Probation Officer/Designated Witness    Date